UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION, CINCINNATI

| | | |
|---|---|---|
| **BUZZ SEATING, INC.** | ) | Case No. 1:16-cv-00860 |
| P.O. Box 31379 | ) | |
| Cincinnati, Ohio 45231 | ) | <u>Jury Demand Endorsed Herein</u> |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | **COMPLAINT** |
| v. | ) | |
| | ) | **REQUEST FOR INJUNCTIVE** |
| **BORAAM INDUSTRIES, INC.** | ) | **RELIEF** |
| 950-960 Tower Road | ) | |
| Mundelein, Illinois 60060 | ) | |
| | ) | |

Plaintiff Buzz Seating, Inc. ("Buzz Seating" or "Plaintiff") hereby states for its Complaint

against Defendant Boraam Industries, Inc. ("Boraam" or "Defendant") as follows:

**Parties, Jurisdiction and Venue**

1.      Buzz Seating is an Ohio Corporation with its principle place of business located at

623 North Wayne Avenue, Cincinnati, Ohio. Buzz Seating markets, sells and delivers office

furniture including chairs nationwide.

2.      Boraam is an Illinois Corporation with its principle place of business located at

950-960 Tower Road, Mundelein, Illinois. Boraam markets, sells and delivers furniture,

including office furniture and chairs nationwide.

3.      This Court has exclusive and original jurisdiction over all federal claims in this

action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a).

1

4.      This Court also has supplemental jurisdiction over all state law claims in this action pursuant to 28 U.S.C. § 1367 because the state law claims are so related to Buzz Seating's claims under federal law that they form part of the same case or controversy and derive from a common set of operative facts.

5.      Defendant has maintained sufficient contacts with the State of Ohio for this Court to exercise jurisdiction over Defendant. Defendant Boraam sells its products through various national retailers including Target, Walmart, The Home Depot, Amazon.com, Bed Bath & Beyond, Staples, Lowes, Overstock.com, Wayfair, Cymax, Groupon, and ATGstores.com. Boraam's products, including its Rika office chair which is the subject of this litigation, are sold to customers in Ohio. Boraam accepts purchases from Ohio customers, and ships or delivers its products, including its Rika office chair which is the subject of this litigation, to locations in Ohio. Boraam's Rika office chair directly infringes on the national trademark rights for Plaintiff's Rika® office chair. Further, Boraam had business contacts and negotiations with Buzz Seating regarding its infringing use of the trademark at issue in this litigation, Rika®. Therefore, this Court may properly exercise general personal jurisdiction over the Defendant in this action.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (e) because (a) the acts of infringement and other wrongful conduct herein alleged occurred in this Southern District of Ohio; and (b) a substantial portion of the events giving rise to the claims asserted herein occurred in this Southern District of Ohio.

## NATURE OF CLAIMS

7.      Plaintiff began operations in November 2003 and is based in Cincinnati, Ohio. Plaintiff advertises, markets, distributes and sells a number of lines and models of office furniture, including chairs, throughout the country and Canada. Buzz Seating sells many product

2

lines, and collections of different types of office, desk and/or commercial chairs including task, side, companion, stacking, executive, conference room, ergonomic, medical, urethane, and educational-specific chairs. Buzz Seating identifies its product lines by unique and particularly chosen names.

8. One of Buzz Seating task, management or conference chairs bears the trademark, Rika®. See, Exhibit A.

9. Plaintiff brings this action to recover damages arising from the willful infringement of Buzz Seating's registered trademark, Rika®, by Boraam and to enjoin Defendant's future infringement.

10. Defendant has marketed, advertised, sold and distributed office chairs using an identical name Rika to Buzz Seating's registered trademark Rika® for office chairs.

11. Defendant is aware of Buzz Seating's registered trademark. Defendant was warned of the consequence of continuing to use Buzz Seating's registered trademark and continuing to distribute similar products bearing the exact same name. However, Defendant has continued to unlawfully use Buzz Seating's Rika® trademark to market, advertise, sell and distribute its office chairs.

12. Defendant is now also attempting and will continue to use a confusingly similar name, Riko, to market, advertise, sell and distribute Defendant's office chairs.

13. Defendant has infringed Buzz Seating's Rika® trademark, violated the Lanham Act, and engaged in unfair competition. Buzz Seating seeks damages, an accounting, the imposition of a constructive trust upon Defendant's illegal profits and injunctive relief.

## FACTUAL INFORMATION

14.    Plaintiff Buzz Seating is the owner of the federally registered trademark Rika in International Class 20 for office chairs, United States Patent and Trademark Registration No. 4,424,733 (the "Rika® Mark") registered on October 29, 2013. See, Exhibit B.

15.    Buzz Seating first used the Rika® Mark on February 4, 2013 and filed an application for exclusive use of the Rika® Mark with the United States Patent and Trademark on February 25, 2013.

16.    Buzz Seating has continuously used the Rika® Mark to market, advertise, sell and distribute its task office chair throughout the United States and in Canada.

17.    Buzz Seating's trademark Rika® is strongly associated with its office chairs and has been one of Buzz Seating's best-selling models.

18.    Buzz Seating sells its Rika® office chairs on-line (www.rikachair.com; www.buzzseating.com/task), through distributors, vendors and direct to customers.

19.    On September 24, 2013, Buzz Seating became aware that Boraam was using an identical name "Rika" for office desk chairs it was selling and marketing throughout the United States.

20.    Upon discovering Boraam's use of an identical name, Rika, for selling and marketing office chairs, Buzz Seating sent Boraam correspondence on November 1, 2013. See, Exhibit C.

21.    The November 1, 2013 correspondence informed Boraam of Buzz Seating's exclusive rights to the Rika® Mark, demanded Boraam acknowledge its infringement of Buzz Seating's Rika® Mark and demanded Boraam cease any further use of the Rika® Mark. *Id.*

22.    Boraam responded to Buzz Seating on November 8, 2013. See, Exhibit D.

4

23.     Boraam acknowledged its infringement of the Rika® Mark and use of the identical name "Rika" to sell and market its chairs, claiming ignorance and coincidence rather than intent. *Id.*

24.     Boraam requested authorization from Buzz Seating to market a small number of units, 200 to be exact, it expected to receive in the last month of 2013, and stated it would do "whatever [it] can to have our online retail partners to drop name, Rika, in their sites (sic)." *Id.*

25.     Based upon Boraam's representations that it was taking immediate measures to cease any further use and infringement of the Rika® Mark and would take efforts to remove the Rika® Mark from all online retail partners by the end of 2013, less than six (6) weeks' time, Buzz Seating agreed to allow Boraam to sell the 200 units it expected to receive in 2013. But Buzz Seating's authorization was limited to the 200 units in 2013. See, Exhibit E.

26.     Boraam did not cease use of the Rika® Mark in 2013.

27.     Despite receiving a warning and clear direction to avoid further infringement, Boraam continued to use the Rika® Mark to market, advertise, sell and distribute office chairs.

28.     Despite the parties' agreement for Boraam to cease use of the Rika® Mark, Buzz Seating became aware of Boraam's continued infringement of the Rika® Mark in August 2016.

29.     On August 9, 2016, counsel for Buzz Seating sent a Cease and Desist Notice for the Rika® Mark to Boraam. See, Exhibit F.

30.     Boraam continues to use the Rika® Mark to market, advertise, sell and distribute its office chairs in the same industry and to the same customers Buzz Seating markets, advertises, sells and distributes its office chairs which bear its Rika® Mark.

31.     Boraam's willful infringement of the Rika® Mark in spite of its awareness of Buzz Seating's rights to the Rika® Mark, Boraam's acknowledgment it had infringed Buzz

Seating's Rika® Mark and a clear agreement to cease all use of the Rika® Mark in 2013 constitutes use of a "Counterfeit Mark" as defined in 15 U.S.C. § 1116(d)(1)(B)(i).

32.     From 2013 to 2016, Boraam sold its products, including its Rika office chair, through various national retailers including Target, Walmart, The Home Depot, Amazon.com, Bed Bath & Beyond, Staples, Lowes, Overstock.com, Wayfair, Cymax, Groupon, and ATGstores.com. See, Exhibit G.

33.     Sometime in August 2016, upon receiving Buzz Seating's correspondence, Boraam began changing the name of its office chairs from Rika to Riko. The name Riko now appears on Boraam's website and some, but not all, on-line retailers. *Id.*

34.     Buzz Seating and Boraam both market, advertise, sell and distribute their products on-line through various vendors and websites. A Google search for "RIKA office chairs" displays both images, websites, reviews and listings for both Buzz Seating's Rika® chairs and Boraam's Rika chairs. See, Exhibit H.

35.     Boraam's Rika chair still appears in advertisements as of August 19, 2016. *Id.*

36.     Buzz Seating's registration for its Rika® Mark is for International Class 20 and covers all office chairs.  Defendant is using an identical mark, Rika, to advertise, market, sell and distribute the same, similar or very closely related goods, namely, office desk chairs.

37.     Boraam's use of the name Riko for its office chairs is confusingly similar to Buzz Seating's Rika® Mark for office chairs.

38.     Boraam's Riko office chair is sold through the same channels of trade, national retailers, and to the same consumers it marketed, advertised, sold and distributed its office chairs bearing the name Rika.

39.     Boraam's use of the confusingly similar trade name Riko for office chairs within the same industry, to the same customers and through similar channels of trade creates a strong likelihood of confusion in the marketplace and among Buzz Seating customers.

CLAIM ONE
(15 U.S.C. § 1114 – Trademark Infringement)

40.     Plaintiff incorporates by reference all statements, facts and allegations set forth in paragraphs 1-39 as if fully restated herein and further states as follows:

41.     Defendant's activities constitute infringement of Buzz Seating's federally registered trademark for Rika® in violation of the Lanham Trademark Act, including, but not limited to 15  U.S.C. § 1114(1).

42.     Buzz Seating advertises, markets, distributes and sells its office chairs under the Rika® Mark as a means by which Buzz Seating's office chairs are distinguished from the office chairs of others in the same or related markets, fields and/or Buzz Seating's competitors.

43.     Buzz Seating's long, continuous, and exclusive use of the Rika® Mark has come to mean and is understood by its customers, end users, and the public to signify Buzz Seating's products.

44.     Defendant's infringing use and continued use of the Rika® Mark, and its use of a confusingly similar name, Riko, is likely to cause confusion, mistake or deception as to their source or origin.

45.     Defendant's activities are likely to lead the public to conclude, incorrectly, that the infringing products that Defendant uses, advertises, markets, offers and distributes originate with or are authorized by Buzz Seating to the damage and harm of Buzz Seating.

46.     Upon information and belief, Defendant used, offered, advertised, marketed or distributed, and continues to use, offer, advertise, market and distribute infringing products with

7

the purpose of misleading, deceiving or confusing customers and the public as to the origin and authenticity of the infringing products and in order to trade on Buzz Seating's business reputation and good will.

47.　　Defendant acted with willful and reckless disregard of Buzz Seating's registered Rika® Mark.

48.　　After agreeing to cease all infringing activity and use of Buzz Seating's Rika® Mark, Defendant continued to act with willful and reckless disregard as it continued and is continuing to use the name Rika for its office chairs.

49.　　As a result of Defendant's wrongful conduct, Buzz Seating has been and will continue to be damaged.

50.　　As a result of Defendant's wrongful conduct, Defendant is liable to Buzz Seating for trademark infringement, 15 U.S.C. § 1114(1). Buzz Seating has suffered damages, and is entitled to recover damages, with include any and all profits Defendant made as a result of its wrongful conduct and infringement. 15 U.S.C. § 1117(a).

51.　　Because Defendant's infringement of Buzz Seating's Rika® Mark was willful within the meaning of the Lanham Act, the award of actual damages and profits should be trebled pursuant to 15 U.S.C. § 1117(b). Alternatively, Buzz Seating is entitled to statutory damages pursuant to 15 U.S.C. § 1117(c).

52.　　Buzz Seating is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a), and entitled to an order compelling the impounding of all infringing products bearing the Rika® Mark being used, offered, marketed or distributed by Defendant pursuant to 15 U.S.C. § 1116, subsections (a) and (d)(1)(A) and 28 U.S.C. § 1651. Buzz Seating has no adequate remedy at law for Defendant's wrongful conduct because, among other issues, (a) Buzz Seating's Rika® Mark

is unique and valuable property that has no readily determinable market value; (b) Defendant's infringement constitutes harm to Buzz Seating wherein Buzz Seating could not be made whole by any monetary award; (c) if Defendant's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken or deceived as to the source, origin or authenticity of the infringing products bearing the Rika® Mark; and (d) Defendant's wrongful conduct, and the resulting damage to Buzz Seating, is continuing.

53.     Buzz Seating is entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

CLAIM TWO
(15 U.S.C. §1125, *et seq.* – False Designation of Origin, False Description
and Representation of Buzz Seating's Rika® Mark)

54.     Plaintiff incorporates by reference all statements, facts and allegations set forth in paragraphs 1-53 as if fully restated herein and further states as follows:

55.     Buzz Seating advertises, markets, distributes and sells its office chairs under the Rika® Mark as a means by which Buzz Seating's office chairs are distinguished from the office chairs of others in the same or related markets, fields and/or Buzz Seating's competitors.

56.     Because of Buzz Seating's long, continuous, and exclusive use of the Rika® Mark, the Rika® Mark has come to mean and is understood by its customers, end users, and the public to signify Buzz Seating's products.

57.     Defendant has unlawfully and wrongly used Buzz Seating's Rika® Mark in connection with its goods even after being advised and agreeing to cease all unlawful use of the Rika® Mark.

58.     Upon information and belief, Defendant engaged in such wrongful conduct with the willful purpose of misleading, deceiving or confusing customers and the public as the origin

9

and authenticity of the infringing products and in order to trade on Buzz Seating's business reputation and good will. Defendant's conduct constitutes (a) false designation of origin; (b) false or misleading description; and (c) false or misleading representation, in violation of Section 43(a) of the Lanham Trademark Act, 15 U.S.C. §1125(a).

59.     Defendant's wrongful conduct is likely to continue unless restrained and enjoined.

60.     As a result of Defendant's wrongful conduct, Buzz Seating has been and will continue to be damaged.

61.     Buzz Seating is entitled to injunctive relief and entitled to an order compelling the impounding of all infringing products bearing the Rika® Mark being used, offered, marketed or distributed by Defendant. Buzz Seating has no adequate remedy at law for Defendant's wrongful conduct because, among other issues, (a) Buzz Seating's Rika® Mark is unique and valuable property that has no readily determinable market value; (b) Defendant's infringement constitutes harm to Buzz Seating wherein Buzz Seating could not be made whole by any monetary award; (c) if Defendant's wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken or deceived as to the source, origin or authenticity of the infringing products bearing the Rika® Mark; and (d) Defendant's wrongful conduct, and the resulting damage to Buzz Seating, is continuing.

CLAIM THREE
(Violation of the Ohio Deceptive Trade Practice Act –
Ohio Revised Code Chapter § 4165.01, *et seq*.)

62.     Plaintiff incorporates by reference all statements, facts and allegations set forth in paragraphs 1-61 as if fully restated herein and further states as follows:

63.     Defendant's actions constitute unfair, unconscionable and/or deceptive trade practices in the course of their business and in the conduct of trade or commerce in violation of the Ohio Deceptive Trade Practices Act, Ohio Revised Code § 4165.01, *et seq*.

64.     Defendant's actions have caused and will continue to cause a likelihood or probability of confusion or misunderstanding as to the source, affiliation, sponsorship, approval or certification of products marketed, sold, and distributed bearing Buzz Seating's Rika® Mark.

65.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered damages and will continue to suffer damage to its good will and reputation which has resulted in loss to Buzz Seating and an illicit gain of profit to Defendant in an amount which is unknown but shall be determined.

66.     Buzz Seating is also entitled to recover its attorneys' fees pursuant to Ohio Revised Code § 4165.03(B).

<u>CLAIM FOUR</u>
<u>(Unfair Competition)</u>

67.     Plaintiff incorporates by reference all statements, facts and allegations set forth in paragraphs 1-66 as if fully restated herein and further states as follows:

68.     Defendant's conduct constitutes unfair competition pursuant to Ohio common law pursuant to the deceptive, fraudulent, willful and wrongful conduct alleged herein.

69.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered damages and will continue to suffer damage to its good will and reputation which has resulted in loss to Buzz Seating and an illicit gain of profit to Defendant in an amount which is unknown but shall be determined.

<u>CLAIM FIVE</u>
<u>(Accounting)</u>

11

70.     Plaintiff incorporates by reference all statements, facts and allegations set forth in paragraphs 1-69 as if fully restated herein and further states as follows:

71.     Buzz Seating is entitled, pursuant to 15 U.S.C. § 1117, to recover any and all profits of Defendant that are attributable to its acts of infringement.

72.     Buzz Seating is entitled, pursuant to 15 U.S.C. § 1117, to actual or statutory damaged sustained by virtue of Defendant's acts of infringement.

73.     The amount of damages and money due from Defendant to Buzz Seating is unknown and cannot be ascertained without a detailed accounting by Defendant of the precise number of units of infringing products offered for sale and/or sold and distributed by Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Buzz Seating respectively prays for judgment in its favor against Defendant Boraam on each claim for relief asserted herein and further request an award of damages against Defendant Boraam as follows:

(A)     Enter judgment against Defendant Boraam that Defendant willfully infringed Buzz Seating's rights to the Rika® Mark in violation of 15 U.S.C. § 1114;

(B)     Enter judgment against Defendant Boraam that Defendant committed and continues to commit acts of false designation of origin, false or misleading description of fact, and false or misleading representation against Buzz Seating, in violation of 15 U.S.C. § 1125(a);

(C)     Enter judgment against Defendant Boraam that Defendant engaged in unfair and deceptive trade practices and unfair methods of competition in violation of Ohio Revised Code Section § 4165.01, *et seq*, and Ohio common law;

(D)     Enter judgment against Defendant Boraam that Defendant otherwise injured the business reputation and business of Buzz Seating by the acts and conduct set forth herein;

(E)     Enter an order of impoundment, pursuant to 15 U.S.C. § 1116(d)(1)(A) and 28 U.S.C. § 1651(a);

(F)     Enter an order declaring that Defendant holds in trust, as constructive trustee for the benefit of Buzz Seating, all illegal profits obtained through the distribution and sale of infringing products and requiring Defendant to provide Buzz Seating a full and complete accounting of all amounts due and owing Buzz Seating as a result of Defendant's illegal and unlawful activities;

(G)     Enter an order that Defendant must pay Buzz Seating's general, special, actual, and statutory damages:

> (1) Buzz Seating's damages and Defendant's profits pursuant to 15 U.S.C. § 504(b), trebled pursuant to 15 U.S.C. § 1117(b), or alternatively, enhanced statutory damages, pursuant to 15 U.S.C. § 1117(c); and,
>
> (2) Buzz Seating's damages and Defendant's profits pursuant to Ohio Revised Code § 4165.01, *et seq*. and Ohio common law.

(H)     Pre-judgment interest and post-judgment interest;

(I)     Attorney's fees, all costs and expenses associated with bringing this action; and

(J)     Any additional further relief as this Court deems just, equitable and/or necessary in the interest of justice.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues in this action.

> *s/Theresa L. Nelson*
> Theresa L. Nelson

Dated:   August 22, 2016                    Respectfully submitted,


                                            *s/Theresa L. Nelson*
                                            Theresa L. Nelson (0072521)
                                            S. Corey Hamilton (0080157)
                                            STRAUSS TROY
                                            150 East Fourth Street
                                            Cincinnati, OH  45202-4018
                                            (513) 621-2120 – Telephone
                                            (513) 241-8259 – Facsimile
                                            E-mail: *tlnelson@strausstroy.com*
                                            E-mail: *schamilton@strausstroy.com*

                                            *Attorneys for Plaintiff Buzz Seating, Inc.*